IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BASIL BELVEAL,                          )
                                        )
                    Plaintiff,          )
                                        )
vs.                                     )          Case Number CIV-07-731-C
                                        )
MICHAEL J. ASTRUE, Commissioner         )
of the Social Security Administration,  )
                                        )
                    Defendant.          )

## MEMORANDUM OPINION AND ORDER

On July 2, 2007, Plaintiff filed a complaint requesting judicial review of the Social

Security Administration's decision that Plaintiff was not entitled to disability insurance

benefits.  (See Dkt. No. 1.)  Upon the recommendation of Magistrate Judge Erwin, the

Court reversed the agency's decision, finding it was not supported by substantial evidence.

Plaintiff then filed the present motion for attorney's fees and costs under the Equal Access

to Justice Act, 28 U.S.C. § 2412, on September 26, 2008.  (See Dkt. No. 20.)  Plaintiff

contends that Defendant should pay both attorney's fees and the $350 filing fee pursuant

to 28 U.S.C. § 2412.  Defendant objects to the payment of filing fees, arguing that Local

Rule 54.1 precludes such an award.[*]

Pursuant to 28 U.S.C. § 2412(a)(1) and (b), courts may award attorney's fees and

other costs to a prevailing party against the United States.  28 U.S.C. § 1920 lists the types

of costs that may be awarded.  When seeking compensation pursuant to §1920, parties are

---

[*] Defendant has no objection to the Court awarding attorney's fees to Plaintiff.

required to file a bill of costs.  No similar requirement is found in the language of 28 U.S.C. § 2412.  In this district, the prevailing party must file the bill of costs within fourteen days of the entry of judgment.  LCvR54.1.  Defendant argues that Plaintiff is not entitled to the filing fee because he failed to file a bill of costs within fourteen days of the entry of judgment.  Plaintiff, however, argues that he was not required to file a bill of costs since he is seeking compensation under 28 U.S.C. § 2412, not 28 U.S.C. § 1920.

The Court finds that Local Rule 54.1 does not preclude an award of costs in this case.  The plain language of the rule indicates that "[a] prevailing party who seeks to recover costs against an unsuccessful party pursuant to 28 U.S.C. § 1920 shall file a bill of costs . . . ."  While both parties cited cases indicating that judges in this district have interpreted the local rule in different ways, the Court finds that the fourteen-day time period for filing a bill of costs does not apply when parties seek filing fees pursuant to 28 U.S.C. § 2412.  The time period applies only to a party seeking costs under § 1920, which does not contain a separate time period for filing.  Here, Plaintiff seeks costs pursuant to 28 U.S.C. § 2412.  This section provides a thirty-day time limit within which the prevailing party must file for costs.  28 U.S.C. § 2412(d)(1)(B).  Plaintiff timely filed his motion in accordance with § 2412(d)(1)(B).  He is entitled to an award of attorney's fees and costs because the agency's decision denying him benefits was not substantially justified.

Accordingly, Plaintiff's motion for attorney's fees and costs (Dkt. No. 20) is GRANTED.  He is awarded $4,704.70 in attorney's fees, along with the $350 filing fee.

IT IS SO ORDERED this 20th day of January, 2009.


ROBIN J. CAUTHRON
United States District Judge